Ivan Posey, Esq., SBN 196386
e-mail: iposey@leechtishman.com
LEECH TISHMAN NELSON HARDIMAN
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024
Pasadena, CA 91101
Phone: (626) 796-4000
Fax: (626) 795-6321

*Attorneys for Defendants,*
*Visionary Holdings Inc., Farvision Career Education Group, Inc., 3888 Investment Group Limited, and Fan Zhou*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ASCENT INVESTOR RELATIONS INC., a New York corporation,

Plaintiff,

v.

VISIONARY HOLDINGS INC., a Canadian corporation; FARVISION CAREER EDUCATION GROUP, INC., a Canadian corporation; 3888 INVESTMENT GROUP LIMITED, a Canadian corporation; and FAN ZHOU, an individual; and DOES 1-10,

Defendants.

Case No: 2:25-cv-11107-SB (AJRx)

**DECLARATION OF IVAN POSEY IN SUPPORT OF *EX PARTE* APPLICATION FOR DEFENSE COUNSEL TO BE RELIEVED FROM REPRESENTATION OF DEFENDANTS AND FOR SERVICE BY ELECTRONIC MAIL ON ALL DEFENDANTS**

1. My name is Ivan Posey and I am an attorney with Leech Tishman Nelson Hardiman, representing all Defendants in this case. I am over the age of eighteen (18) and competent to execute this Declaration, and the following statements are true and correct best of my personal knowledge or information transmitted to me from records made at or near the time of the transactions referenced herein by persons with personal knowledge thereof.

2. There is an unwaivable conflict discovered by Defense Counsel and a fundamental breakdown of communication between lawyer and client, and, in fact, Defense Counsel has recently learned that the officer who hired it on behalf of the company has been dismissed by the Board of directors, with no newly named contact provided to Defense Counsel who is willing to reply and participate in its Defense.

3. Defense Counsel also obtained pleadings from a case pending in Canada between Defendant Zhou and Defendant Visionary Holdings, Inc, or fractions of Board members thereof. Those pleadings have confirmed with Defense Counsel that there is a present and continuing conflict between some or all of the defendants, including between Defendant Zhou and Visionary Holdings, Inc., and companies controlled by Defendant Zhou.

4. Defense Counsel has communicated with the Board of Visionary holdings, and its Canadian attorney, including attempting to determine whether there can be room for a waiver of conflicts for the purposes of this litigation while the Canadian case continues, and there is an unwillingness for the Board of Visionary Holdings, Inc. to cooperate or even communicate regarding this case herein the Central District of California, except for the Canadian attorney who represents a fraction of the Board of Visionary Holdings, who nevertheless has not provided any help in the Defense in this case or aided in obtaining new counsel for the company.

5. Defense Counsel has given clear notice to the Board of Visionary

Holdings, Inc., Ms. Zhou, and all other Defendants of this Application, the applicable deadlines in this case, and the possible consequences of their failure to retain new counsel for this case. Defense Counsel provided clear instructions that they should all retain new and separate counsel, including the possibility of default for a company being unrepresented in this Court with respect to those defendants that are not individuals. There has been no response from Visionary Foods, Inc.'s management or Directors, and Defendant Zhou, who Defense counsel believes controls the other Defendant Companies. Ms. Zhou has failed to retain other counsel for herself or her companies, despite Defense Counsel's efforts urging all Defendants to obtain new Counsel before the need to file this Application.

6. The urgency of this Application which requires filing it on an *ex-parte* basis surrounds the very shortened discovery period, and the pending discovery served by Plaintiff. There is no time for this motion to be held on the regular motion calendar due to these reasons alone, and the best interest of all Defense parties would be served by a fast resolution of this issue, so that perhaps the Defendants could be convinced of the urgent need obtain new counsel.

7. Finally, personal service of this *Ex-Parte* Application is impossible accomplish in any reasonable time through the Hague Convention or otherwise, as they are all Canadian entities., and all clients have heretofore been responsive by email, including the attorney for Visionary Holding's Board of directors. Given these circumstances, this Ex-Parte Application also includes a request for service by Defense Counsel on its own clients of these Application papers by email with return-receipt requested.

8. The refusal of Defendant Visionary Holding to respond to important issues regarding this litigation after dismissal from employment of Defense Counsel's former CEO contact at the Company, and the attorney for Visionary Holding's Board of Director's failure and/or refusal to get Visionary to

LEECH TISHMAN NELSON HARDIMAN
626.796.4000

communicate with Defense Counsel on these important issues, shows a complete break down of communications between Visionary Holdings and its lawyer, Defense Counsel here. This makes it impossible for Defense Counsel to continue to represent Visionary Holdings, in addition to the conflict of interest that has developed between Defendants.

**NOTICE TO OPPOSING COUNSEL**

9. In accordance with LR 7-19, the name, address, telephone number, and email address of counsel for Plaintiffs is as follows:

Michael C. Landman
mlandman@birdmarella.com
Kimmy Yu
kyu@birdmarella.com
BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

The undersigned counsel has advised counsel for Defendants that such an ex parte request will be made to this Court, in compliance with LR 7-19.1. Defendants' Counsel, Ivan Posey, contacted Plaintiffs' Counsel above, on July 10, 2026, providing the reasoning for the ex parte motion and requested relief.

Plaintiff's counsel has stated that it will not oppose this Application.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 13th day of July, 2026 at Lake Forest, California.

Ivan Posey

**PROOF OF SERVICE**

I am over the age of eighteen (18) years, and not a party to the above-entitled action. My business address is 1100 Glendon Avenue, 14th Floor , Los Angeles, CA 90024

On July 13, 2026, I served:

**DECLARATION OF IVAN POSEY IN SUPPORT OF EX PARTE APPLICATION FOR DEFENSE COUNSEL TO BE RELIEVED FROM REPRESENTATION OF DEFENDANTS AND FOR SERVICE BY ELECTRONIC MAIL ON ALL DEFENDANTS**

addressed as follows to:

| | |
|---|---|
| Via ECF<br>Michael C. Landman<br>mlandman@birdmarella.com<br>Kimmy Yu<br>kyu@birdmarella.com<br>BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM, LLP<br>1875 Century Park East, 23rd Floor<br>Los Angeles, California 90067-2561 | *Attorneys for Plaintiff Ascent Investor Relations, Inc.* |
| Marc Kealey is the CEO of Visionary Holdings Inc.<br>marc@kealeyandassociates.com<br>Sara Erskine, Sara@be-law.ca;<br>samwong@visionary.holdings;<br>zongjianghe@visionary.holdings;<br>williamchai88@gmail.com;<br>marc@kealeyandassociates.com;<br>simontang@gvisionary.ca;<br>lawrencechen@gvisionary.ca;<br>charlesfuesq@gmail.com; jieluo2030@hotmail.com;<br>simontang@winwinlaw.com | CEO, Board of directors of Visionary Holdings, Inc., and their Counsel, and Subsidiary Defendants, Farvision Career Education Group, Inc. and 3888 Investment Group Limited |
| Fan Zhou, fanzhou@visionary.holdings | Defendant |

**BY MAIL**: I deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California. I am aware that, on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

**BY FACSIMILE**: I caused a copy of such document to be sent via facsimile machine to the office(s) of the addressee(s) at the phone number(s) shown above.

X **BY E-MAIL**: I caused a copy of such document to be sent via e-mail to the office(s) of the addressee(s) at the e-mail address shown above.

**BY PERSONAL SERVICE**

FEDERAL COURT: I caused such envelope to be delivered by hand directly to the addressee(s).

FEDERAL COURT: I caused such envelope to be delivered by hand to the offices of the addressee(s).

STATE COURT: I caused such envelope to be delivered by hand to the offices of the addressee(s).

☒ **FEDERAL**: I declare, under penalty of perjury under the laws of the United States that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on July 13, 2026 at Lake Forest, California.

Ivan Posey

LEECH TISHMAN NELSON HARDIMAN
626.796.4000